UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| JULIUS HIPPLER, | § | CASE NO: 1:23-cv-00470 |
| Plaintiff | § | |
| | § | |
| vs | § | BEAUMONT DIVISION |
| | § | |
| GARY FOMBY AND | § | |
| NEWTON COUNTY, TEXAS, | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIUS HIPPLER, Plaintiff herein, and files his First Amended Petition complaining of GARY FOMBY, INDIVIDUALLY and NEWTON COUNTY, TEXAS (hereinafter "NEWTON"), , Defendants herein, and would show the Court as follows:

### I. PARTIES

1.1. Made Defendants herein are:

A. Defendant, NEWTON COUNTY, TEXAS (hereinafter referred to as "NEWTON") is a municipal and governmental agency, and service of process may be effected by serving County Judge Ronald J. Cochran, 110 Court Street, Rm 125, Newton, Texas 75966.

E. Defendant, GARY FOMBY, is a municipal and governmental agent of Defendant, NEWTON COUNTY, TEXAS, he is being sued in both his individual capacity and his capacity as a governmental agent. Service of process may be effected by serving County Judge Ronald J. Cochran, 110 Court Street, Rm 125, Newton, Texas 75966.

### II. JURISDICTION AND VENUE

2.1 This Court has concurrent and supplemental jurisdiction of the subject matter of this action pursuant to Title 28 U.S.C. 1331 in that the action involves the

1

determination of federal questions, including, but not limited to, violation of civil rights. Further, this Court has diversity jurisdiction because the case involves the claims of a resident of Lourisia, Julius Hippler, against Texas residents GARY FOMBY and NEWTON. Venue is proper in this court because Newton County is the County in which all or a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the accident and injury made the basis of this suit occurred in Burkeville, Newton County, Texas. Further the conduct of GARY FOMBY in the attempted tampering with witnesses and coverup of the incident made the basis of this suit occurred in Newton County, Texas. Newton County lies in the Beaumont division of the Eastern District of Texas Federal Court. The court has jurisdication over this issue because it involves parties of different states, Texas and Louisiana and also involves violations of federal law. See 28 U.S.C. 1391.

2.2 Jurisdiction and venue further properly lies with this Court as the amount of damages sustained by JULIUS HIPPLER exceeds seventy-five thousand ($75,000.00) dollars.

### III. PROCEDURAL CAPACITY

3.1 Plaintiff, JULIUS HIPPLER, at all times relevant to this lawsuit, is a U.S. citizen and resident of Sabine Parish, Louisiana and brings suit in his individual capacity.

### IV. FACTS

4.1 The term "subject vehicle" refers to a 2019 Ford Ranger bearing the vehicle identification number (VIN) 1FTER4EH3KLB23519 belonging to the Plaintiff, JULIUS HIPPLER.

4.2 The term "defendant vehicle" refers to a 2011 Chevrolet Silverado C1500 bearing the VIN 1GB4C0CGXBF252893, belonging to Defendant NEWTON COUNTY,

TEXAS and operated by employee of the Newton County Maintenance Department, Richard M. Wood.

4.3 On or about December 22, 2021, JULIUS HIPPLER was operating the subject vehicle on State Highway 87 (SH 87) heading in a north bound direction in Burkeville, Texas. Meanwhile, Richard M. Wood was using and operating the Defendant Newton County's vehicle in his capacity as employee of NEWTON on SH 87 heading in a south bound direction. Mr. Wood was performing work for and at the direction of GARY FOMBY at the time of the incident in question and was using and operating a Newton County Motor vehicle. Mr. Wood loaded lumber onto the Newton County vehicle and



failed to properly secure said load creating a dangerous condition on the tangigle property of Newton County. As Richard M. Wood used and operated the Defendant's vehicle it passed the Hippler vehicle which was heading in the opposite direction. At this point, a piece of unsecured lumber came off the back of the flatbed of Newton County vehicle and penetrated the windshield of the subject vehicle, striking JULIUS HIPPLER in the face.

4.4 Subsequently, JULIUS HIPPLER and the subject vehicle veered right, heading to a ditch and only coming to rest after hitting a fence that faced north. Aware of the event caused by the unsecured lumber which had exited the back of the defendant vehicle, Richard M. Wood proceeded south down SH 87 where he eventually stopped and removed the additional unsecured lumber and debris from the bed of the defendant vehicle throwing it into a ditch. Only after removing the unsecured material did Richard M. Wood return to the scene of the incident he created and inspected the damage. By this

time, an individual who had witnessed the event was tending to a severely injured JULIUS HIPPLER, and despite being aware of his contribution to the Plaintiff's severe injuries, Richard M. Wood did not provide aid to neither the witness nor to JULIUS HIPPLER. After recognizing the extent of the Plaintiff's injuries, Richard M. Wood fled the scene.

4.5     Richard M. Wood, as the driver of the defendant vehicle failed to take the reasonable and expected care to properly secure and restrain the lumber and material in the truck bed which resulted in it exiting and penetrating the subject vehicle windshield. His conduct prior and leading up to the incident, which resulted in the severe head injuries to JULIUS HIPPLER and which made the subject of this suit, were due to his reckless and careless conduct.

4.6     Richard M. Wood not only exercised carelessness with regard to unsecured material in the defendant vehicle, but proceeded in showing a complete disregard for the life and wellbeing of the severely injured JULIUS HIPPLER by refusing to render aid or accountability. The extent of JULIUS HIPPLER's injuries were such that he had to be airlifted and transported to St. Elizabeth Hospital in Beaumont, Texas to receive emergency services.

4.7     Due to this reckless and careless conduct, Richard M. Wood was arrested and indicted on felony counts of Failure to Stop and Render Aid and Tampering With or Fabricating Physical Evidence. The arrest record and the charges for which Mr. Wood was indictmented are attached hereto as Exhibit "A." The DA's file and investigation refers to a video of the vehicles involved in the incident and clearly shows the Newton County vehicle with the wood on it pass the camera with the witnesses vehicle following.

4.8     Upon information and belief, Newton County Commissioner, GARY FOMBY attempted to impede and/or entirely undermine the criminal and subsequent

civil investigations by contacting witnesses surrounding this incident. GARY FOMBY attempted to intimidate and/or hinder witnesses with knowledge of the incident from providing true and accurate information as to the facts and circumstances surrounding the accident which made the basis of this suit and was warned by law enforcement that he would be charged with tampering if he continued. The conduct of GARY FOMBY was an attempt take the rights of JULIUS HIPPLER to file and maintain his suit under the Tort Claims Act and have a fair trial in Newton County.

4.9    GARY FOMBY and others' actions and conduct are intentional acts where they have and attempted to convert and appropriate property that the plaintiff needed in his cause of actions against NEWTON. GARY FOMBY and others have consipired to destroy and manipulate evidence, to delay proceedings, to provide false information and to appropriate the property of others. GARY FOBMY and others acted in both their official and individual capacities in committing fraud and depriving JULIUS HIPPLER of his cause of action and evidence to prove as such.

4.10   Shorlty after the indictment of Richard Wood, a lawsuit was filed against NEWTON by JULIUS HIIPLER for violations of the Texas Tort Claims Act. After the filing of this lawsuit Defendant NEWTON refused to prosecute the criminal case against its employee who was charged by this very defendant. Futher, evidence of the video showing the county truck, driven by Richard M. Wood, that was in the Newton County DA's file has gone missing. Fortunately for JULIUS HIPPLER, the investigating trooper took screen shots of the county truck attached hereto as Exhibit "B" incorporated by reference for all intents and purposes.

4.11   In an unbelievable move, NEWTON in the civil suit filed affirmative defenses and took positions that its employee Richard M. Wood wasn't present at the scene or driving the truck carrying the wood that came off and hit the client in the face.

Essentially Defendant NEWTON took a position in the criminal case against Mr. Wood and then in the civil suit took the exact opposite position. This is a direct attempt to cover up the facts of the case and the issues that lead to clear liability on behalf of NEWTON.

    4.12  Upon information and belief, Defendants NEWTON and GARY FOMBY engaged in a conspiracy to hinder and/or preclude the finding of fact and liability as it pertains to the incident which made the basis of this suit. Despite an official Texas Department of Public Safety investigation and subsequent indictments brought forward by the state of Texas, one or more these named individuals have sought to preclude further investigation into the incident and/or are attempting to avoid accountability by engaging in illegal conduct such as intimidating and/or tampering with witnesses in their individual and official capacities.

## V. CAUSES OF ACTION AGAINST NEWTON COUNTY, TEXAS

    5.1  Plaintiff hereby incorporates the factual assertions in the above sections as if they were restated here verbatim.

### A. NEGLIGENT ENTRUSTMENT

    5.2  At the time of and prior to the subject incident, Defendant NEWTON failed to use ordinary care by various acts and omissions when it entrusted Richard M. Wood with the defendant vehicle. NEWTON's careless entrusting of the defendant vehicle was a proximate cause of the occurrence in question and was negligent in following ways:

(a) Careless entrustment of instrument capable of causing serious death or injury;

(b) Failing to instruct employee for proper securing of load prior to transport;

(c) Failing to properly supervise employee;

(d) Failing to instruct or properly educate employee of requirements for containing loose materials in accordance with Texas Transportation Code Section 725.021; and/or

(e) Newton knew or should have known of their employee's incompetence which was a substantial factor in creating the incident which is the basis of this suit.

5.3 Prior to the filing of this lawsuit, and within six (6) months from the date of the occurrence described in this complaint, Plaintiff presented notice of his claim to the Texas Department of Transportation as prescribed by the Texas Tort Claims Act.

## B. NEGLIGENCE

5.4 Defendant NEWTON committed acts of omission and commission, which collectively and severally, constituted negligence, and recklessness which negligence and recklessness was a proximate cause of the injuries to JULIUS HIPPLER. Defendant Newton County is liabile under the Texas Torts Claims Act for injuries sustained as a result of the use and operation of its motor vehicle and for allowing a dangerous condition to exist on its tangible property. Defendant NEWTON had a duty to exercise ordinary care and use, operation and condition of its vehicles reasonably and prudently. Defendant breached the duty of care in the following ways:

(a) Failing to instruct employee for proper securing of load prior to transport;

(b) Failing to instruct or properly educate employee of requirements for containing loose materials in accordance with Texas Transportation Code Section 725.021;

(c) Failing to supervise employee while the unreasonable and foreseeable risk was being created in the defendant vehicle; and/or

(d) Failing to inspect and/or rectify the unreasonable and foreseeable risk posed by the dangerous loose material in the defendant vehicle.

(e) Further, Defendant Newton County maintained a dangerous condition on its tangible property that it knew or should have known of and failed to warn of or remedy which was a proximate cause of the Plaintiff's injuries and damages.

(f) At all times mentioned herein, the agents and employees of Defendant Newton County were acting in the course and scope of their employment. Thus, Defendant Newton County was required to use ordinary care and is liable under the principle of the doctrine of *respondeat superior*.

5.5    Prior to the filing of this lawsuit, and within six (6) months from the date of the occurrence described in this complaint, Plaintiff presented notice of his claim as prescribed by the Texas Tort Claims Act.

**VI. CAUSES OF ACTION AGAINST COMMISSIONER GARY FOMBY**

6.1    Plaintiff hereby incorporates the factual assertions in the above sections as if they were restated here verbatim.

### A. CIVIL CONSPIRACY

6.2    Defendants, GARY FOMBY and NEWTON in their individual and official capacities, participated in a civil conspiracy to preclude and/or hinder the investigation, and the criminal investgation brought by the state of Texas, and the civil claim brought by JULIUS HIPPLER. GARY FOMBY and NEWTON, being aware of the liability of Richard M. Wood and NEWTON, knew that through overt interference with the civil and/or criminal investigations surrounding this incident, they could hinder the ability of JULIUS HIPPLER to achieve justice, and preclude the Defendants from being held accountable. Theses acts by Defendant GARY FOMBY has led to the loss and destruction of evidence in the Newton County DA's office and the intentional tampering with witnesses. This conduct rises to the level of a civil conspiracy and gives rise to solidary liability for each of these parties.

### B. TEXAS THEFT LIABILITY ACT

6.3    Defendant GARY FOMBY in an attempt to cover up his conduct and the events that led to the incident that occurred on December 22, 2021, has violated various provisions of the Texas Theft Liability Act.  Defendant Gary Fomby appropriated and deprived the Plaintiff of his property which included but was limited to his lawsuit and the evidence to prove the claims against NEWTON and Richard M. Wood.

## C. VIOLATION OF 42 U.S.C. 1983

6.4     The conduct of Defedant Defendant GARY FOMBY against Mr. Hippler can only be described as unjust and calls for our legal system to rectify the situation. 42 U.S.C. 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6.5     In the case at hand, Plaintiff Julius Hippler has a constitutional right to maintain and hold property which includes his cause of action against newton county for violations of the Tort Claims act. That property also includes the evidence to prosecute his claims. Further, he is constitutionally entitled to a jury trial concerning this incident. The conduct of Defendant GARY FOMBY in both his official and individual capacity has violated Plaintiff Julius Hippler's constitutional rights to maintain property, to maintain his lawsuit, to acquire the evidence made the basis of his suit and to have a fair jury trial. As a direct and proximate result of Defendants' conduct, while acting in both their personal and official capacities, Plaintiff was deprived of his constitutional rights of life, liberty, and the pursuit of happiness. Furthermore as a direct and proximate result of Defendants' conduct, Plaintiff suffered serious physical injury, mental anguish and emotional distress, the loss of their property and, ultimately, and personal injuries.

## VII. DAMAGES

7.1 As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, and because of the harm and injury to JULIUS HIPPLER, Plaintiff prays for recovery and reimbursement for the following items of damage suffered:

(a) Physical pain, suffering and distress;

(b) Mental pain, suffering and distress;

(c) Damage to subject vehicle;

(d) Loss of enjoyment of life;

(e) Disfigurement;

(f) Loss of wages, present and future;

(g) Medical expenses, present and future;

(h) All damages allowable for violations of the Texas Theft Liabilty Act

(i) All damages allowable for violations of 42 USC 1983

(h) All other items of damages that may be recoverable.

## VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that this cause be set down for trial before a jury; and that Plaintiff recover judgment of and from the Defendants, jointly and severally, for his actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, post-judgment

interest, costs of suit, and such other and further relief to which he may show himself to be justly entitled.

                                        Respectfully submitted,

                                        Joseph E. Ritch
Felipe M. Salazar IV
**ELLIOTT & RITCH, L.L.P.**
321 Artesian St.
Corpus Christi, TX  78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: jritch@elliottritch.com

By:     /s/ Joseph E. Ritch
        Joseph E. Ritch (SBN 24037364)

ATTORNEYS FOR PLAINTIFF